UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

    - against -

RIFAT KADRIC,
    a/k/a Adrian Beslic

        Defendant.

------------------------------X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 12/13/21 |

ORDER OF
JUDICIAL REMOVAL

21 CR 685 (VSB)

    Upon the application of the United States of America, by Sheb Swett, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of RIFAT KADRIC, a/k/a Adrian Beslic, and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

    1.    The defendant is not a citizen or national of the United States.

    2.    The defendant is a native of Montenegro and a citizen of Montenegro.[1]

    3.    On or about May 13, 1987, the defendant was convicted in Westchester County Supreme Court of the State of New York of attempted criminal possession of a weapon in the third degree, a felony, in violation of New York Penal Law Section 265.02. The defendant was sentenced to a conditional discharge.

    4.    On or about July 14, 1989, the defendant was convicted in Bergen County Superior

---

[1] At the time of his birth, Kadric was a native and citizen of the Socialist Federal Republic of Yugoslavia.

Court in New Jersey, of possession of a weapon in the fourth degree, a felony, in violation of New Jersey Code of Criminal Justice Section 39-5(d). The defendant was sentenced to a term of two years' probation.

5. On or about March 1, 2000, the defendant was convicted in Bronx County Supreme Court of bail jumping in the second degree, a felony, in violation of New York Penal Law Section 215.56. The defendant was sentenced to a conditional discharge.

6. On or about March 1, 2000, the defendant was convicted in Bronx County Supreme Court of forgery in the third degree, a misdemeanor, in violation of New York Penal Law Section 170.05. The defendant was sentenced to a conditional discharge.

7. On or about March 1, 2000, the defendant was convicted in Bronx County Supreme Court of possession of a forged instrument in the third degree, a misdemeanor, in violation of New York Penal Law Section 170.20. The defendant was sentenced to a conditional discharge.

8. On June 13, 2001, the immigration judge issued a removal order, ordering the defendant, under the name "RIFAT KADRIC" removed from the United States to Montenegro.

9. On September 25, 2001, the defendant was removed from the United States to Montenegro, pursuant to the final order of removal.

10. At some point after September 25, 2001, but before June 2012, the defendant illegally entered the United States without being admitted or paroled or at any time or place than as designated by the Attorney General.

11. On or about June 11, 2012, the defendant was convicted in Bergen County Superior Court in New Jersey, of theft by deception in the third degree, a felony, in violation of New Jersey Code of Criminal Conduct Section 20-4. The defendant was sentenced to a term of time served (eighty-five days).

12. On or about April 24, 2012, Immigration and Customs Enforcement (ICE) issued the defendant a notice of intent to reinstate a prior order of removal.

13. On or about August 20, 2012, the defendant was removed from the United States to Montenegro pursuant to the reinstated removal order.

14. At some point after August 20, 2012, but before May 2017, the defendant was found in the United States, after having been removed from the United States subsequent to a conviction for the commission of a felony, without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary for the Department of Homeland Security, to reapply for admission.

15. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in this Court for the offense of illegal reentry into the United States in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

16. A maximum sentence of 10 years' imprisonment may be imposed for this offense.

17. The defendant is subject to removal pursuant to section 212(a)(2)(A)(i)(I) Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an individual convicted of acts which constitute a crime involving moral turpitude; section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i), as an individual who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place than as designated by the Attorney General; and section 212(a)(9)(C)(i)(II) of the INA; 8 U.S.C. § 1182(a)(9)(C)(i)(II), as an individual who has been ordered removed under section 235(b)(1), section 240, or any other provision of law, and who enters or attempts to reenter the United States without being admitted.

18. The defendant has waived his right to notice and a hearing under Section 238(c) of

the INA, 8 U.S.C. § 1228(c).

19. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Montenegro.

Dated: New York, New York
12/10, 2021

_____
THE HONORABLE VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE